UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PETER FISCHER, *on behalf of himself and all others similarly situated*, ) ) ) ) Plaintiffs, ) ) vs. ) ) VITAL PHARMACEUTICALS, INC., ) d/b/a VPX Sports, *et al.*, ) ) Defendants. ) | Case No. 4:22-cv-136 |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion to Remand, Doc. [12]. Plaintiff originally filed his petition in the Circuit Court for the County of St. Louis, Missouri, Doc [5]. Defendants removed this case by invoking this Court's diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Doc. [1]. Plaintiff timely moved to remand the case back to state court, see 28 U.S.C. § 1447(c), arguing that the amount in controversy is not met. Doc. [12]. For the reasons that follow, the Court denies Plaintiff's Motion.

**I.   BACKGROUND**

Plaintiff Peter Fischer filed this Class Action Petition alleging various violations of Missouri law by Defendants Vital Pharmaceuticals, Inc. ("VPX") and Does 1 through 10 (collectively, "Defendants"). Doc. [5]. VPX sells different health-related products, including supplements, energy drinks, and protein bars. VPX's Bang drink products are at issue in this case. Plaintiff alleged that he purchased a Bang drink, and the label claimed that the product contained "super creatine." Plaintiff asserts that the statement is false and misleading because the product does not include creatine. Plaintiff filed a four-count Petition for: (1) breach of warranty (Count

1

I); (2) breach of implied contract (Count II); (3) unjust enrichment (Count III); and (4) violations of the Missouri Merchandising Practices Act ("MMPA") (Count IV), Mo. Rev. Stat. § 407.020. Plaintiff seeks compensatory damages, restitution, attorney's fees, and "such further relief as the Court deems just, including injunctive relief" on behalf of a purported class of only Missouri citizens who purchased Bang products over a five year period in Missouri. *Id.* After Defendants removed this action, averring jurisdiction under 28 U.S.C. § 1332(d), Doc [1], Plaintiff filed the instant Motion, Doc. [12], opposing removal on the basis that the minimum amount in controversy does not exceed the jurisdictional threshold of $5,000,000 necessary to establish jurisdiction under CAFA.

## II.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only the power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  A state court action may be removed by the defendant to federal court if the case falls within the original jurisdiction of the district courts. 28 U.S.C. § 1441(a).  CAFA, 28 U.S.C. § 1332(d), grants federal district courts original jurisdiction over class action cases where "the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84–85 (2014) (citing 28 U.S.C. § 1332(d)(2), (5)(B)).

The party seeking removal—here, Defendants—under CAFA bears the burden of establishing these jurisdictional requirements by a preponderance of the evidence. *Dammann v. Progressive Direct Ins. Co.*, 856 F.3d 580, 583 (8th Cir. 2017).  "Under the preponderance standard, the jurisdictional fact is not whether damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Bell v. Hershey Co.*, 557 F.3d 953,

959 (8th Cir. 2009) (internal quotation omitted).  To establish the requisite amount in controversy, Defendant must present "some specific facts or evidence demonstrating that the jurisdictional amount has been met." *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004). This includes "affidavits, declarations, or other documentation to satisfy the preponderance of the evidence standard." *Faltermeier v. FCA US LLC*, 4:15-cv-00491-DGK, 2016 WL 10879705, at *2 (W.D. Mo. May 26, 2016), *aff'd*, 899 F.3d 617 (8th Cir. 2018).  If "the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Bell*, 557 F.3d at 956.  "[A]ll doubts about federal jurisdiction must be resolved in favor of remand." *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

### III. DISCUSSION

Plaintiff moves for remand on the basis that the minimum amount in controversy does not exceed the jurisdictional threshold of the $5,000,000 necessary to establish CAFA jurisdiction. The Court does not agree.

Plaintiff first argues that his stipulation of damages prevents removal pursuant to CAFA. In his Petition, Plaintiff stipulated that he disclaimed—on behalf of himself and the "purported class"—any damages exceeding $5,000,000.  Doc. [5] at 15.  However, the Supreme Court of the United States specifically rejected this exact argument. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013).  As explained by the Court of Appeals for the Eighth Circuit, the "Supreme Court explained [in *Standard Fire*] that precertification damages stipulations could not defeat CAFA-jurisdiction." *Faltermeier v. FCA US LLC*, 899 F.3d 617, 621 (8th Cir. 2018).  As applied here, Plaintiff's stipulation of damages cannot be used to defeat CAFA jurisdiction because he

3

"cannot legally bind members of the proposed class before the class is certified." *Standard Fire*, 568 U.S. at 593.

Next, Plaintiff argues Defendants failed to point to "specific facts" to meet their burden to show CAFA's amount in controversy requirement is met.  Defendants cite to a declaration by Eugene S. Bukovi ("Bukovi"), VPX's Vice President of Sales, which contains Bukovi's assertion that "the retail sales of Bang® Energy Drinks in Missouri were over $35 million dollars from October 22, 2016, through [February 2, 2022]." Doc [3-1] ¶ 3.  In other words, evidence before the Court demonstrates Bang drink sales in Missouri during the period at issue are approximately *seven times greater* than the $5,000,000 jurisdictional threshold.[1]  Thus, the Court finds this sworn declaration sufficient evidence to establish the amount in controversy here.  *See, e.g.*, *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888–89 (8th Cir. 2013) (finding affidavits of total sales figures sufficient evidence to establish CAFA's amount in controversy); *Dammann v. Progressive Direct Ins. Co.*, 856 F.3d 580, 584 (8th Cir. 2017) (concluding evidence of the challenged product's sales, which included sales of parties not part of the narrowly defined class, sufficient to prove CAFA's amount in controversy); *Ahmad v. Panera Bread Co.*, 4:21-cv-311-CDP, 2021 WL 5447000, at *3 (E.D. Mo. Nov. 16, 2021) (considering declaration of sales to meet CAFA's $5,000,000 threshold). The Court is even more convinced that Defendants have carried their burden when considering the total sales in conjunction with Plaintiff's request for attorney's fees, *Faltermeier*, 899 F.3d at 621–22,[2] and injunctive relief,[3] *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828,

---

[1] The alleged putative class is a class of purchasers of Bang drink products over a five year period in Missouri. Doc. [5] ¶ 17.  The damages alleged are the "difference between the cost paid for the Product as represented—as one that contained creatine—and the actual value of the product without creatine. Said difference would therefore be a percentage of the price paid for the Product." *Id.* at ¶ 65.

[2] The Court concludes it is "more likely than not that attorneys' fees" would be large "considering the expected length of the litigation, the risk and complexity involved in prosecuting class actions, and the hourly rates charged." *Faltermeier v. FCA US LLC*, 899 F.3d 617, 622 (8th Cir. 2018) (including attorneys' fees to calculate CAFA jurisdiction for MMPA claim).

[3] Notably, Plaintiff provides no response to Defendants' argument regarding injunctive relief or attorney's fees.

833 (8th Cir. 2005). *Accord Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) (determining amount in controversy based "not [on] whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are").

Because Defendants—the parties seeking to remove—have shown CAFA's jurisdictional minimum by a preponderance of the evidence, the case belongs in federal court unless "plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Bell*, 557 F.3d at 956. Even if it is "highly improbable" that Plaintiff will recover the amounts Defendants have put into controversy, the legally impossible standard is not met. *Raskas*, 719 F.3d at 888. The Court concludes Plaintiff failed to show that it is legally impossible for him and the putative class to recover more than $5,000,000.

## Conclusion

Because Defendants have shown by a preponderance of the evidence that the amount in controversy exceeded CAFA's jurisdictional minimum, this Court has subject matter jurisdiction under 28 U.S.C. § 1332(d).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, Doc. [12], is **DENIED**.

Dated this 21st day of April, 2022.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE